## BRADLEY v. WYNNE, Federal Supervisor of Permits.

### No. 6629.

District Court, E. D. Pennsylvania.

Sept. 4, 1931.

Patrick J. Friel and John W. Crolly, both of Philadelphia, Pa., for plaintiff.

Richard Hay Woolsey, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

There is raised in this case a question which, as we view it, has passed out of the province of the trial court and can be determined only by an appellate court.

The plaintiff has made several applications for a permit which has, in each instance, been refused by the supervisor. When a former application was before this court, the crux of the ruling appears in this statement then made. After setting forth that the administrator had refused the permit because of his conviction that the real applicant was a man admittedly unworthy to hold a permit, the comment of the court was as follows: "The Administrator may of course have misjudged the applicant but the belief he entertains has a background and support in the facts developed. He is in consequence in the exercise of a reasonable discretion in his order of refusal."

The plaintiff has renewed the contest by introducing evidence which he believes should be persuasive of a judgment that his application was in good faith and wholly on his own behalf. His inference accordingly is that the adverse ruling of the supervisor is arbitrary in the sense that it is not supported by the fact situation as now developed. This cause belongs to the class of applications for original permits. As we interpret the rulings of the appellate court, the supervisor is vested with what is in practical effect a discretionary power to grant or refuse permits. His judgment must of course have support in the fact situation, but it is not subject to reversal merely because the trial court may differ with the supervisor in the proper judgment to be reached. The supervisor should be supported and sustained unless there is room for the finding not merely that the supervisor has reached a wrong or mistaken judgment, but that it is the kind of judgment which may be fitly characterized as arbitrary or capricious. The basic thought as we interpret the appellate rulings is that the supervisor has thrust upon him the responsibility for the detection and suppression of any law violations by permittees, and that this responsibility should not be placed upon the supervisor in instances in which he sincerely and honestly believes that the applicant cannot be safely entrusted with a permit. This applicant, it must be admitted, has made a strong showing. He has called to his support many who know him, know the situation and believe his application to be in good faith, and that he is worthy to be entrusted with a permit. The supervisor, however, holds to a different opinion. We have the highest measure of respect for each and both of these judgments. The real question comes down to this: If it is proper for the trial court to rule this cause in accordance with its judgment of the fact merits, we are prepared to do so; but we rule this case upon the principle that the refusal of an original application should not be reversed simply because the trial court differs with the supervisor upon the merits of the application but only if the trial court reaches the finding that the judgment of the supervisor was arbitrarily or capriciously reached. This latter finding we are unable to make.

For this reason we think the bill should be dismissed for the want of equity. A formal decree to this effect may be submitted.